# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK J. WELCZ,**

**Plaintiff,**

**v.**                                          **Case No:   6:15-cv-19-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

# REPORT AND RECOMMENDATION

Mark J. Welcz (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for a period of disability, disability insurance benefits, and Supplemental Security Income ("SSI").   Doc. No. 1.[1]   Claimant, who was born on June 24, 1954, argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the opinions of Claimant's primary treating physician, Dr. Victor Noel Alvarado, M.D.   Doc. No. 24 at 14-20; R. 357.[2]   For the reasons that follow, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

---

[1] This is the second time Claimant has appealed the Commissioner's denial of his disability applications to this Court. *See Welcz v. Comm'r of Soc. Sec.*, No. 6:12-cv-106-Orl-22GJK, Doc. Nos. 1, 22, 25-26 (M.D. Fla.).   Claimant has been awarded SSI from June 23, 2009.   R. 11-27, 470.   Thus, the issue before the Commissioner was whether the Claimant has been disabled prior to June 23, 2009.   R. 408.

[2] Claimant also argues that the due to the ALJ's alleged errors with respect to Dr. Alvarado's opinions, the ALJ's credibility determination is necessarily not supported by substantial evidence.   Doc. No. 24 at 29-30.   Thus, Claimant's argument with respect to the ALJ's credibility determination is contingent upon a finding that the ALJ erred with respect to Dr. Alvarado's opinions.   *See* Doc. No. 24 at 29-30.

## I.      THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.   At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.   At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.   If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.   At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).   The steps are followed in order.   If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

At the center of this dispute is the ALJ's handling of the opinion evidence from Claimant's primary treating physician, Dr. Alvarado. Doc. No. 24 at 14-29. Claimant argues that the ALJ failed to apply the correct legal standards to Dr. Alvarado's 2008 and 2010 opinions. Doc. No. 24 at 14-20. The Commissioner contends that the 2010 opinion does not constitutes a medical opinion. Doc. No. 24 at 21-23. In the alternative, the Commissioner maintains that the ALJ demonstrated good cause, supported by substantial evidence, for giving Dr. Alvarado's 2010 opinion little weight. Doc. No. 24 at 23-28. With respect to Dr. Alvarado's 2008 opinions, the Commissioner argues that they reflect judgments as to the ultimate issue reserved for the Commissioner and, therefore, they too are not medical opinions. Doc. No. 24 at 28. The Commissioner acknowledges that the ALJ did not go on to evaluate Dr. Alvarado's 2008 opinions

under the factors contained in 20 C.F.R. §§ 404.1527(c) and 416.927(c), but the Commissioner contends that the ALJ's "rationale for rejecting Dr. Alvarado's 2010 opinion applies equally to the earlier opinions."   Doc. No. 24 at 29.[3]   Thus, the Commissioner maintains that any failure of the ALJ to evaluate Dr. Alvarado's 2008 opinions further constitutes harmless error.   Doc. No. 24 at 29.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.   In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."   *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[4]   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it

---

[3] 20 C.F.R. § 404.1527(c)(2) provides: "When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."   *Id.*   Those factors include: the length and frequency of the treatment relationship; the nature and extent of the relationship; the extent to which medical signs and laboratory findings support the opinion; consistency of the opinion with the record evidence as a whole; the treating physicians specialization; and any other factors that may have a bearing the on the weight to give the opinion. 20 C.F.R. §§ 404.1527(c)(2)(i)-(2), (c)(3) – (c)(6).   Thus, with respect to Dr. Alvarado's 2008 opinions, the Commissioner acknowledges that the ALJ did not go on to evaluate the opinion under the above-stated factors.   Doc. No. 24 at 29.

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  The Eleventh Circuit has held:

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (unpublished) (quoting *Phillips* v. *Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).  Thus, good cause exists to give a treating physician's opinion less than substantial weight where the ALJ demonstrates in the decision that the physician's opinion is not bolstered by the evidence in the record, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Id*.

The record reveals that Dr. Alvarado treated Claimant 40 times from December 11, 2006 through June 27, 2010 for chronic back pain.  R. 288-341, 356-64.  During his treatment with Dr. Alvarado, a February 26, 2007, magnetic resonance imaging ("MRI") of Claimant's lumber spine showed: no focal herniation; no significant canal stenosis; "a component of disc bulging at facet hypertrophy at L2-3, L3-4, L4-5, and L5-S1"; "[m]arked bilateral neural foraminal encroachment at L5-S1"; mild to moderate foraminal encroachment at L4-5 and L3-4; and no compression deformity.  R. 334.  On October 29, 2007, an MRI of Claimant's cervical spine revealed the

following: grade 1 anterolisthesis at C7-T1 with "severe facet arthropathy at this level demonstrated with moderate to severe bilateral foraminal narrowing and potential irritation of exiting bilateral C8 nerve roots"; severe bilateral foraminal narrowing at C5-6 and C3-4 levels with probable irritation of C6 and C4 nerve roots; and mild central stenosis without significant cord compression.   R. 187.[5]

In the decision, the ALJ states the following with respect to Dr. Alvarado's treatment records:

> The claimant has been most closely followed by his family practitioner, Dr. Alvarado.   Treatment notes begin in January of 2007 when the claimant was seen for back pain and hypertension. The claimant reported a fall in December of 2006, and despite the use of non-steroidal inflammatory drugs, he had no relief.   By March of 2007, the claimant reported that his pain was under good control using only Endocet.   Later, the claimant's pain medication was changed to Roxycodone and he continued to report pain control through November 2007.   When the claimant began complaining of increased pain, the doctor added Methadone to prescriptions in early 2008.
>
> In June of 2008, the claimant's pain was under control with medications with no side effects.   There was no atrophy noted and reflexes were intact.   He achieved pain relief with reportedly tolerable pain at the 2-3 level and by January 2009, he was "doing well."   With narcotics, the claimant reported pain at a level from 4-5 and down as low at 2.   He had a better quality of life and no adverse side effects.   Dr. Alvarado reported some tenderness in the cervical and lumbar spines, but no muscle atrophy.   The medications remain unchanged, obviously due to having a positive effect, with the claimant reporting better pain control, better

---

[5] In the decision, the ALJ states the following with respect to the above referenced MRI's:

> Diagnostic test results reveal degeneration in the cervical and lumbar spine.   An MRI taken in February of 2007 showed an [sic] bulging disc at L3-L4, L4-L5, and L5-S1 with no focal disc herniation identified.   An October 2007 MRI confirmed a diagnosis of cervical spondylosis.

R. 412.   The ALJ later states that the "objective evidence reveals the claimant's back and neck condition is not as severe as the claimant has alleged" because "multiple studies have been age appropriate."   R. 418.

> activities of daily living, and better quality of life.   [Citing R. 288-302, 303-341, 365-368].

R. 417 (emphasis in original).   Thus, in the decision, the ALJ characterizes Dr. Alvarado's treatment records as showing improvement in pain symptoms over time.   R. 417.[6]

### A.    2010 Opinion.

On February 22, 2010, Dr. Alvarado completed a check-box form wherein he opined that the following symptoms and limitations are consistent with the medical signs and findings that Dr. Alvarado has observed:

> Pain which prevents him from sitting upright in a chair for two hours or more in an eight-hour workday five days a week;
>
> Pain which prevents him from standing or walking for two hours or more in an eight-hour workday five days a week;
>
> Pain which prevents him from stooping;
>
> Pain which prevents him from bending;
>
> The need to lie down at least four hours a day due to constant and chronic back and neck pain;
>
> The inability to lift and carry ten pounds at a time for up to one hour out of an eight hour workday;
>
> Difficulty concentrating for extended periods (less than 2 hours) due to pain and medication side effects; [and]
>
> Inability to perform any job eight hours per day five days per week on a reliable and sustainable basis.

R. 357.   Dr. Alvarado further opined that "[b]ased upon a review of the medical records, the

---

[6] The ALJ's review of Dr. Alvarado's medical records is generally accurate.   From January 17, 2007 through October 20, 2008, Dr. Alvarado's treatment notes document severe back pain with bilateral radiculopathy, tenderness, decreased sensation, and weakness in the lower extremities.   R. 298-327.   On October 20, 2008, Dr. Alvarado describes Claimant as having a poor prognosis.   Doc. No. 298.   However, from November 14, 2008 through August 6, 2009, Dr. Alvarado's treatment notes show that Claimant's condition improved.   R. 289-297.   For example, on June 9, 2009, Dr. Alvarado's treatment note states that Claimant is "doing well," his quality of life is better, and Claimant is better able to control his pain.   R. 291.   Similarly, during that time-period, Dr. Alvarado repeatedly describes Claimant as "doing well."   R. 289-291, 296.

patient's history provided by [Claimant] and the level of severity of the impairments which were diagnosed upon examination," Dr. Alvarado concludes that the "above impairments and limitations existed since [Claimant] stopped working [in] March 2006[.]"   R. 357.[7]

In the decision, the ALJ states:

> As for the opinion dated February 22, 2010 (i.e., that the claimant's pain would prevent him from even sedentary exertional work), the assessment is also given little weight as well as it is outside the period to be considered.   Further the physician's own treatment notes show the claimant was overall doing well and stable on pain medication.   These notations do not support Dr. Alvardo's [sic] sedentary opinion.   It appears the physician offered his opinion as to the claimant's subjective complaints of pain, appearing to neglect to weigh the claimant's own reports of increasing pain control and increasing activities.

R. 414 (emphasis added).   Thus, the ALJ gave two (2) reasons for giving Dr. Alvarado's 2010 opinion little weight.   R. 414.   The ALJ's first reason was the opinion was offered "outside the period to be considered."   R. 414.   While the opinion was offered on February 22, 2010, Dr. Alvarado clearly stated therein that the "above impairments and limitations existed since [Claimant] stopped working [in] March 2006[.]"   R. 357.   Thus, the February 22, 2010 opinion constitutes a retrospective medical opinion.

In the Eleventh Circuit, a claimant may rely on a retrospective medical opinion from a treating physician.   *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983); *Garvey v. Astrue*, 2007 WL 4403525, at *7 (N.D. Fla. Dec. 12, 2007) ("In this circuit, especially, the ALJ must point to substantial evidence in the record to discount the opinion of a treating physician, whether retrospective, contemporary, or prospective.").   Thus, the ALJ's first reason for giving Dr.

---

[7] The Commissioner argues that Dr. Alvarado's 2010 opinion does not constitute a medical opinion.   Doc. No. 24 at 21-23.   The undersigned respectfully disagrees.   *See* 20 C.F.R. § 404.1527(a); *Winschel.*, 631 F.3d at 1178-79 (a medical opinion constitutes a statement by a physician reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions).

Alvarado's 2010 opinion little weight is not supported by substantial evidence.

The ALJ's second reason for giving Dr. Alvarado's 2010 opinion little weight is that it contrary to Dr. Alvarado's own treatment records, which "show the claimant was overall doing well and stable on pain medication." R. 414. As set forth above, from November 18, 2008 through August 6, 2009, Dr. Alvarado's treatment notes show that Claimant's condition improved, Claimant was doing well, his quality of life was better, and Claimant is better able to control his pain. R. 289-97. Thus, the undersigned finds that the ALJ's second reason is supported by substantial evidence. *See also* R. 288-341, 365-68, 417.

Therefore, this case presents with the situation where the ALJ has offered reasons for giving less than controlling weight to the opinion of treating physician, but only one of those reasons is, in fact, a good cause reasons supported by substantial evidence. In *Calhoun v. Astrue*, No. 3:07-cv-970-J-JRK, 2008 WL 5381919, at *5-6 (M.D. Fla. Dec. 23, 2008), the Court was faced with the same issue. In *Calhoun*, 2008 WL 5381919, at 5-6 (M.D. Fla. Dec. 23, 2008), the Court noted that the ALJ's statement that the treating physician's opinion was given no weight because it was a retrospective medical opinion was an incorrect statement of the law. Nevertheless, the Court found that remand was not required because the ALJ would have reached the same result because the ALJ "also found that [the treating physician's] opinion was not corroborated by objective medical evidence," which constitutes good cause to discount the opinions of a treating physician. *Id*. at *6 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). In this case, the undersigned is persuaded by *Calhoun* and finds that the ALJ demonstrated good cause, supported by substantial evidence for giving little weight to Dr. Alvarado's 2010 opinion (*see supra* pp. 8-9), and a remand would not change the result. Accordingly, it is **RECOMMENDED** that the Court find that substantial evidence supports the

ALJ's decision to give little weight to Dr. Alvarado's 2010 opinion.

**B.     The 2008 Opinions**.

In treatment notes on February 13 and July 1, 2008, Dr. Alvarado states that Claimant is not able to do any type of work.   R. 308, 313.   The February 13, 2008 treatment note provides that Claimant is "so far stable" but complains of "severe back pain, tenderness, [and decreased] reflexes in both lower [extremities]."   R. 313.   Dr. Alvarado assesses Claimant with chronic back pain with a poor prognosis, stating that he is "not able to work due to the severity [of] pain."   R. 313.   Dr. Alvarado also diagnosed Claimant with major depression, increased Claimant's pain medication and continued Claimant's medication for depression.   R. 313.

The July 1, 2008 treatment note provides that Claimant presented to Dr. Alvarado for a follow up appointment after being denied disability benefits and the note states that Claimant "is not able to do any type of work."   R. 308.   The treatment note further states that Claimant has tenderness in his lower back.   R. 308.   Dr. Alvarado assessed Claimant with chronic pain syndrome and major depression, refilling Claimant's prescriptions for each impairment.   R. 308.

In the decision, the ALJ states the following with respect to Dr. Alvarado's 2008 opinions:

> Dr. Alvarado, the claimant's family physician, opined that the claimant in February and January [sic] of 2008 was "not able to work."   The [ALJ] points out that the legal determination of disability under the Social Security Act is reserved exclusively for the Social Security Administration and is unable to give Dr. Alvarado's opinions more than some weight because it is an administrative finding, not a medical opinion.

R. 414.   Thus, the ALJ gives Dr. Alvarado's 2008 opinions "some weight" because the opinions constitute "administrative findings" on the ultimate issue, which is reserved for the Commissioner, and are not medical opinions.   R. 414.

In *Winschel*, 631 F.3d at 1178-79, the Eleventh Circuit explained that a medical opinion constitutes a statement by a physician reflecting judgments about the nature and severity of a

claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions.   *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   The regulations provide that certain opinions, even opinions from treating sources, do not constitute medical opinions.   *See* 20 C.F.R. § 404.1527(d) (medical source opinions on some issues "are not medical opinions").   Section 404.1527(d)(1) provides that a statement by a medical source that a claimant is "disabled" or "unable to work" does not constitute a medical opinion.   20 C.F.R. § 404.1527(d)(1) (providing that the examples in (d)(1) "are not medical opinions").   This makes sense because a brief statement from any source that a claimant is disabled or unable to work without further articulation about the nature and severity of the impairments, symptoms, diagnosis, prognosis; what the claimant can still do and/or the claimant's limitations is wholly conclusory and does little to inform the reviewer about the claimant's condition.   In this case, the undersigned finds that Dr. Alvarado's 2008 statements (*see* R. 308, 313) that the Claimant is not able to work do not constitute medical opinions under the regulations.   *See* 20 C.F.R. § 404.1527(d)(1).   Accordingly, the ALJ did not fail to apply the correct legal standards to Dr. Alvarado's 2008 opinions.[8]

## IV.   CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1.      **AFFIRM** the final decision of the Commissioner; and

---

[8] As set forth above (*see supra* n.2), Claimant also argues that due to the ALJ's alleged errors with respect to Dr. Alvarado's opinions, the ALJ's credibility determination is flawed.   Doc. No. 24 at 29-30.   The Claimant offers no other argument in support of Claimant's position that the ALJ also failed to apply the correct legal standards in determining Claimant's credibility.   Doc. No. 24 at 29-30.   As set forth above, it is recommended that the Court reject all of Claimant's arguments with respect to Dr. Alvarado's opinions.   *See supra* pp. 1-11.   Accordingly, it is recommended that Claimant's second argument also be rejected.

2.      Direct the Clerk to enter judgment in favor of the Commissioner and against the

Claimant, and to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R.

3-1.

Recommended in Orlando, Florida on December 28, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies of the Report and Recommendation to:

The Honorable Douglas A. Walker
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32256-1224